IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLARK BARKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No.: 13-cv-2788 JSC<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Robert Clark Barkins ("Barkins") filed this action seeking social security benefits for another, namely, the daughter of his fiancé. Now pending before the Court is Defendant's motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 17 and for lack of subject matter jurisdiction due to his failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(1). Barkins, who is proceeding pro se, has not filed an opposition to the motion nor otherwise communicated with the Court. After carefully considering Defendant's arguments, the Court agrees that Barkins' complaint must be dismissed for lack of standing.

## BACKGROUND

Barkins receives monthly social security benefits. (Dkt. No. 2 at 5.)[1] Approximately three years ago Barkins filed an application seeking child benefits for the daughter of his fiancé. (Dkt. No.

---

[1] Where, as here, the defendant makes a factual attack on the Court's subject matter jurisdiction, a court may consider documents and evidence outside the allegations of the complaint. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

13-1 ¶ 3(a).) Defendant denied the application on the ground that the daughter did not qualify as Barkins' stepchild. (*Id*.) In early January 2011 Barkins filed a request for reconsideration and at the same time filed a civil action in this Court, *Barkins v. Astrue,* 11-CV-00203 PJH, seeking review of the same determination. Upon Defendant's motion to dismiss, the district court dismissed Plaintiff's federal court action for lack of subject matter jurisdiction; specifically, Barkins' failure to exhaust administrative remedies given that his motion for reconsideration was still pending. *Barkins v. Astrue,* 11-CV-00203 PJH (Dkt. No. 16). Defendant ruled upon Barkins' request for reconsideration in October 2011, affirming his earlier determination that the fiance's daughter did not qualify as Barkins' step daughter. (Dkt. No. 13-1 at 15.)

Barkins filed a request for hearing on the same application for benefits on November 3, 2011. (Dkt. No. 13-1 ¶ 3(b).) An administrative law judge ("ALJ") held a hearing on February 26, 2013, which was continued to allow Barkins to seek representation. Barkins appeared and testified without representation at the continued hearing on May 29, 2013. (*Id.* at 13-1 at 15.) Neither his fiancé nor her daughter appeared at the ALJ hearing. Before the ALJ issued a decision, Barkins filed this action on June 27, 2013 in the United States District Court for the Northern District of California. Nine days after he filed this action, the ALJ ruled against Barkins on the ground that the girl does not qualify as a stepchild of Barkins. (*Id.* at 15- 20.) Defendant subsequently moved to dismiss this action for lack of standing and failure to exhaust administrative remedies.

## DISCUSSION

Barkins lacks standing to bring this action. He is not seeking to obtain benefits on his own behalf, but rather on behalf of his fiancé's daughter. Federal law, 28 U.S.C. section 1654, provides that "parties may plead and conduct their own cases personally or by counsel." It does not permit non-attorneys such as Barkins to bring cases on behalf of others. *See Simon v. Hartford Life, Ins.*, 546 F.3d 661, 664 (9th Cir. 2008).

Barkins would have standing to bring an action on behalf of his fiancé's daughter, a minor, if he had been appointed her guardian. Federal Rule of Civil Procedure 17(c) provides that the following representatives may sue on behalf of a minor: "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Barkins' complaint does not allege that he serves in any

1  of these capacities, and he did not file an opposition to the motion to dismiss.  Accordingly, the Court
2  finds that Barkins does not have standing to prosecute this action and therefore dismisses the case
3  without prejudice.

**IT IS SO ORDERED.**

Dated:  December 18, 2013

                                                 _____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE